UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANDY BAADHIO,

          Petitioner,

v.

CHRISTOPHER PERRINO,

          Respondent.

Civil Action No. 17-504 (MAS)

**MEMORANDUM AND ORDER**

This matter has come before the Court on a Writ of Habeas Corpus filed by Petitioner Randy Baadhio pursuant to 28 U.S.C. § 2241, seeking relief, apparently, from a warrant for arrest. (*See* Pet'r's Br. 1, ECF No. 1-1.) The address provided by Petitioner, however, is not the address of any prison and, based on the Court's dealings with Petitioner in other matters, the Court is aware that the address provided by Petitioner in the instant matter is his home address. (*Compare* Dkt. *with* Dkt., *Baadhio v. Hofacker*, No. 15-2752 (D.N.J. filed Apr. 20, 2015).) As such, Petitioner is not currently incarcerated by the State. Section 2241 petitions require petitioners to be in custody at the time the petition is filed. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Petitioner was not in custody when the Petition was filed, so this Court has no jurisdiction over the Petition.

Petitioner cites to *Hensley v. Municipal Court, San Jose Milpitas Judicial District*, 411 U.S. 345, 351-53 (1973) for the proposition that a person is "in custody" while on probation or parole or on release on one's own recognizance. Petitioner, however, does not allege that he is on probation or parole, nor does he allege he has been released on his own recognizance. Indeed, this Court previously mooted another habeas petition filed by Petitioner because his parole term had expired. *See Baadhio v. Att'y Gen.*, No. 15-2444, ECF No. 23 at 1-2 (D.N.J. entered June 7, 2016).

All that appears from the allegations is that there is a warrant for his arrest, which the State apparently had yet to carry out at the time the Petition was filed. This does not satisfy the "in custody" requirement of § 2241. As such, the Court dismisses the Petition for lack of jurisdiction. Petitioner, however, may, within 30 days, amend the Petition, if he can show that he now satisfies the "in custody" requirement because he is now in the physical custody of the State.

IT IS therefore on this 27th day of February, 2017,

ORDERED that the Petition (ECF No. 1) is hereby DISMISSED for lack of jurisdiction; it is further

ORDERED that Petitioner may, within 30 days, amend the Petition to show that he is now "in custody" for the purposes of § 2241; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner, and shall CLOSE the file.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE